UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, LLC d/b/a BESSE MEDICAL, <br><br> Plaintiff, <br><br> v. <br><br> VISION CARE OF MAINE, Limited Liability Company, and CURT TYLER YOUNG, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil No. |

## COMPLAINT

Plaintiff, ASD Specialty Healthcare, LLC d/b/a Besse Medical ("ASD"), and for its Complaint against Defendants, Vision Care of Maine, Limited Liability Company and Curt Tyler Young, alleges and states as follows:

## THE PARTIES

1.      ASD is a California limited liability company, with a place of business at 9075 Centre Pointe Drive, Suite 140, West Chester, Ohio 45069.

2.      Vision Care of Maine, Limited Liability Company ("VCM") is a Maine limited liability company with a place of business located at 1 Richmond Drive, Bangor, Maine 04401.

3.      Curt Tyler Young ("Young" and, together with VCM, the "Defendants") is an adult individual with a last known address at 1 Richmond Drive, Bangor, Maine 04401.

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity between ASD and the Defendants, who are citizens of different states, as follows:

1

          a.       ASD's sole member is AmerisourceBergen Specialty Group, LLC, which is a Delaware limited liability company with its principal place of business in Pennsylvania.

          b.       AmerisourceBergen Specialty Group, LLC's sole member is AmerisourceBergen Drug Corporation, which is a Delaware corporation with its principal place of business in Pennsylvania.

          c.       Upon information and belief, VCM's members are citizens of Maine for purposes of establishing jurisdiction.

          d.       Upon information and belief, Young is a citizen of Maine.

5.       Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendants reside in Maine and a substantial part of the events or omissions giving rise to ASD's claims against the Defendants occurred in this judicial district.

## BACKGROUND

6.       ASD is a supplier of medical and pharmaceutical products ("Pharmaceuticals").

7.       VCM is an ophthalmology practice with locations in Northern Maine.

8.       Young is the medical director and owner of VCM.

9.       On or about September 12, 2022, Young executed an application for credit on behalf of VCM (the "Credit Agreement"), pursuant to which, inter alia, VCM agreed to terms and conditions that would govern the purchase of Pharmaceuticals from ASD. A true copy of the Credit Agreement, redacted to remove sensitive information, is attached hereto as **Exhibit "A"** and incorporated herein by reference.

10.      As an inducement to enter into the Credit Agreement, and a credit enhancement, Young executed and delivered to ASD a personal guaranty ("Guaranty") whereby Young guaranteed the payment and performance of VCM's obligations concerning the Credit Agreement.

A true copy of the Guaranty, redacted to remove sensitive information, is attached hereto as **Exhibit "B"** and incorporated herein by reference.

11.     Pursuant to the Credit Agreement, VCM granted ASD a purchase money security interest in inventory and a lien upon and security interest in substantially all of VCM's assets (the "Collateral").

12.     ASD perfected its lien on the Collateral by filing a UCC-1 financing statement in favor of ASD's parent, AmerisourceBergen Drug Corporation (the "UCC-1") with the Maine Secretary of State's office on January 24, 2018, as instrument number 20180124109000168.

13.     ASD's lien was extended pursuant to a continuation filed by AmerisourceBergen Drug Corporation on November 29, 2022, as instrument number 20221129109000247 (collectively, with the UCC-1, the "Financing Statement").  A true copy of the Financing Statement is attached hereto as **Exhibit "C"** and incorporated herein by reference.

14.     Pursuant to the Credit Agreement, VCM agreed to pay for the Pharmaceuticals it ordered and received from ASD within thirty (30) days from the date of invoice.

15.     Pursuant to the Credit Agreement, VCM agreed to pay late fees to ASD at the rate of 18% per annum, and to reimburse ASD for its costs of collection including, without limitation, ASD's reasonable attorneys' fees and costs.

16.     VCM purchased Pharmaceuticals from ASD through AmerisourceBergen Drug Corporation's web portal in accordance with the Credit Agreement between September 2022 and January 2023.

17.     At VCM's request, ASD shipped Pharmaceuticals to locations in Bangor and Presque Isle.

18.     VCM received invoices and statements from ASD reflecting the amounts due for Pharmaceuticals sold to VCM.

19.     Despite ordering Pharmaceuticals from ASD in connection with its business, VCM failed and/or refused to make payment for the Pharmaceuticals it purchased from ASD and, as a result, is in breach of the Credit Agreement.

20.     Likewise, Young is in default of his obligations under the Guaranty for his failure to pay ASD the sums due and owing by VCM under the Credit Agreement.

21.     As a result of the Defendants' defaults, all sums owed to ASD by VCM and Young are immediately due and payable in full, including fees and costs incurred by ASD.

22.     By letter dated March 13, 2023, ASD demanded payment of the outstanding balance from the Defendants. A true copy of the letter is attached hereto as **Exhibit "D"** and incorporated herein by reference.

23.     As of May 9, 2023, Defendants were indebted to ASD in the amount of $3,935,186.35, plus continuously accruing late fees calculated at the rate of 18% per annum on all delinquent invoices, and attorneys' fees and costs.  A true copy of an Account Statement reflecting the unpaid invoices, as of May 9, 2023, is attached hereto as **Exhibit "E"** and incorporated herein by reference.

**COUNT I**
**BREACH OF CONTRACT**
**(ASD v. VCM)**

24.     ASD incorporates herein by this reference the foregoing allegations of this Complaint as though they were set forth fully and at length.

25.     ASD had a contractual arrangement with VCM whereby ASD would accept orders

4

from and deliver Pharmaceuticals to VCM.

26.     VCM was obligated to pay for the Pharmaceuticals received from ASD, as invoiced.

27.     VCM failed to make payments to ASD in accordance with its obligations to ASD and is in default of those obligations.

28.     As a result of the foregoing defaults, $3,935,186.35 is immediately due and payable to ASD from VCM.

WHEREFORE, the plaintiff, ASD Specialty Healthcare, LLC, demands judgment against Vision Care of Maine, Limited Liability Company, in the amount of $3,935,186.35, plus interest at the rate of 18% per annum from and after March 10, 2023, attorneys' fees and costs, and such other and further relief as is just and proper as allowed by law.

## COUNT II
## UNJUST ENRICHMENT
### (In the Alternative)
### (ASD v. VCM)

29.     ASD incorporates herein by this reference the allegations set forth in paragraphs 1-10, 17, and 18 of this Complaint, as though they were set forth fully and at length.

30.     Alternatively, VCM has been unjustly enriched at ASD's expense.

31.     ASD conferred a benefit upon VCM, to which VCM was not entitled, by providing VCM with the Pharmaceuticals.

32.     Despite repeated demand, VCM has refused to return the Pharmaceuticals and/or to pay for them.

33.     By accepting delivery of the Pharmaceuticals supplied by ASD, retaining them, and not paying ASD for them, VCM has been unjustly enriched at ASD's expense, in the amount of $3,935,186.35, thereby damaging ASD.

WHEREFORE, the plaintiff, ASD Specialty Healthcare, LLC, demands judgment against Vision Care of Maine, Limited Liability Company, in the amount of $3,935,186.35, plus interest at the rate of 18% per annum from and after March 10, 2023, attorneys' fees and costs, and such other and further relief as is just and proper as allowed by law.

**COUNT III**
**BREACH OF CONTRACT – GUARANTY**
**(ASD v. Young)**

34.     ASD incorporates by this reference the allegations set forth in the preceding paragraphs as though they were set forth fully and at length.

35.     VCM failed to make payments to ASD in accordance with its obligations under the Credit Agreement and invoices issued pursuant thereto and is otherwise in default of those obligations.

36.     The Guaranty imposes, inter alia, an obligation on Young to pay all of the obligations and/or liabilities that VCM owes ASD.

37.     Young is in default and breach of his obligations under the Guaranty because of, inter alia, his failure to pay the outstanding sums due and owing by VCM to ASD under the Credit Agreement.

38.     As a result of this material breach of the Guaranty by Young, ASD has been damaged in the amount of $3,935,186.35, plus continuously accruing interest from and after May 10, 2023, at 18% per annum on each outstanding invoice, and attorneys' fees and costs which Young agreed to pay.

WHEREFORE, the plaintiff, ASD Specialty Healthcare, LLC, demands judgment against Curt Tyler Young in the amount of $3,935,186.35, plus interest at the rate of 18% per annum from

6

and after March 10, 2023, attorneys' fees and costs, and such other and further relief as is just and proper as allowed by law.

**COUNT IV**
**REPLEVIN**
**(ASD v. VCM)**

39.     ASD incorporates by this reference the allegations set forth in the preceding paragraphs as though they were set forth fully and at length.

40.     Under the terms of the Credit Agreement, ASD became entitled to possession of the Collateral upon VCM's default.

41.     VCM has failed to deliver possession of the Collateral to ASD, including but not limited to its cash on hand, cash on deposit, and the proceeds of its accounts receivable.

WHEREFORE, the plaintiff, ASD Specialty Healthcare, LLC, demands judgment against Vision Care of Maine, Limited Liability Company, as follows:

A.  For immediate possession of the Collateral;

B.  For judgment in the amount of $3,935,186.35, plus interest from the date of each unpaid invoice, at the rate of 18% per annum on all delinquent invoices;

C.  Reasonable attorneys' fees and costs; and

D.  For such other and further relief as is this Court deems just and proper.

*[intentionally left blank]*

Dated: May 10, 2023                              Respectfully submitted,


                                                 */s/ Adam R. Prescott, Esq.*
                                                 Adam R. Prescott, Esq. (ME Bar No. 006033)
                                                 **BERNSTEIN SHUR SAWYER & NELSON, P.A.**
                                                 100 Middle Street
                                                 P.O. Box 9729
                                                 Portland, Maine 04104-5029
                                                 Tel: (207) 774-1200
                                                 Fax: (207) 774-1127
                                                 aprescott@bernsteinshur.com


                                                 *Counsel for Plaintiff ASD Specialty Healthcare,*
                                                 *LLC d/b/a Besse Medical*